UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-25382-UU

JOHN P. STETZENBACH, JR.,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD,

    Defendant.

_____/

## ORDER

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (D.E. 15).

THIS COURT has reviewed the pertinent portions of the record and being otherwise fully advised in the premises.

For the reasons discussed below, the motion is granted, but the Court grants Plaintiff leave to amend.

## BACKGROUND

This case arises out of an injury Plaintiff allegedly suffered while on a shore excursion taken while Plaintiff was on a cruise operated by Defendant. D.E. 1.

While Plaintiff was sailing aboard Defendant's ship *Oasis of the Seas*, he bought a ticket for a catamaran excursion operated by a third party. *Id*. ¶ 12–13. The advertisement for the excursion was provided by Defendant, and Defendant represented that its excursion partners adhered to the highest standards of safety. *Id*. ¶ 14, 43. The fee for the excursion was collected by Defendant. *Id*. ¶ 15. Neither the advertisement nor any other information provided to Plaintiff

indicated that the excursion was operated by a third-party, and Plaintiff believed it was operated by Defendant. *Id.* ¶ 16, 18.

Plaintiff boarded the catamaran on April 13, 2018. *Id.* ¶ 27. The crew aboard the vessel caused it to move unexpectedly, which caused Plaintiff to fall into the hold and injure his head and neck. *Id.* ¶ 28. Plaintiff was then transported back to Defendant's cruise ship where he was evaluated by medical staff. *Id.* ¶ 29. They diagnosed him with cervical spine injuries and paralysis in all four limbs. *Id*. The medical staff did not transport Plaintiff to a shore-side facility, but rather, set sail for the cruise's port of origin. *Id*. Two later, Plaintiff was transferred to a shore-side hospital where he underwent several operations. *Id.* ¶ 30.

Based on these allegations, Plaintiff levels the following seven counts against Defendant:

1. Negligence premised on failure to warn of the dangerousness of the catamaran;
2. Negligent selection and hiring of the catamaran operator;
3. Apparent agency or agency by estoppel;
4. Joint venture between Defendant and the catamaran operator;
5. Negligent medical care;
6. Negligence based on apparent agency of medical staff;
7. Negligent hiring, retention, and training by Defendant of its medical staff.

*Id*.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a claim, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Although "[a] plaintiff need not plead 'detailed factual allegations[,] . . . a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555)).

## ANALYSIS

### I. Shotgun Pleading

As an initial matter, the complaint is a shotgun pleading. Plaintiff's complaint includes seven counts and ninety-one paragraphs. Every factual allegation is incorporated by reference into every count. It therefore amounts to an impermissible shotgun pleading. *See Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011). "A shotgun-style complaint is [sic] one that 'incorporates all of the general factual allegations by reference into each subsequent claim for relief.'" *Id.* (citing *Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009)). Such a form is "disfavored as 'unhelpful and poorly drafted,' and the experience 'teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" *Id.* (citing *Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *8 (S.D. Fla. Sept. 24, 2008)). If Plaintiff intends to pursue this case with this complaint, he is required to conform it to the pleading requirements set out in the Federal Rules of Civil Procedure and identify the specific allegations underpinning

each claim. *See, e.g.*, *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010) (affirming dismissal with prejudice of complaint that contained "neither a 'short and plain' statement justifying relief nor allegations that are 'simple, concise, and direct.'").

The shotgun-pleading nature of the complaint is particularly problematic with respect to the agency and joint-venture claims, which turn of facts quite distinct from the direct claims. Additionally, Defendant's argument against Count V—that it is an improper commingling of direct and vicarious claims—is well founded. *See Wohford v. Carnival Corp.*, No. 17-20703-CV, 2017 WL 7731225, *3 (S.D. Fla. May 11, 2017). Plaintiff must restate this claim to avoid this impermissible comingling.

Despite that the complaint is a shotgun pleading, the Court will address Defendant's other arguments in favor of dismissal to provide Plaintiff guidance in drafting his amended complaint.

## II.   Negligence (Count I) and Negligent Hiring of Excursion Operator (Count II)

Defendant moves to dismiss Counts I and II arguing that Plaintiff has failed to plead that Defendant had knowledge of the dangerous condition or that the catamaran operator was incompetent or unfit. The Court rejects these arguments out of hand because knowledge "may be alleged generally." Fed. R. Civ. P 9(b). Here, Plaintiff alleges Defendant's knowledge of these conditions. Plaintiff also alleges that Defendant represented that all its excursions met the highest safety standards. D.E. 1. ¶ 43. Taking this fact as true suggests that Defendant investigated the safety of its excursion partners, and therefore had some basis of knowledge from which to conclude (correctly or not) that they were safe. Accordingly, this argument does not provide grounds to dismiss these claims.

### III. Apparent Agency (Count III) & Joint Venture (Count IV)

As an initial matter, agency and joint venture are not causes of action; they are theories of vicarious liability. *See Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009) (affirming dismissal of agency claim because it is not an independent cause of action). This is sufficient grounds to dismiss this claim and require Plaintiff to replead. *See id.*

Defendant's other arguments, however, do not. Defendant argues that Plaintiff's ticket contract, the excursion brochure, and the joint-venture agreement between Defendant and the excursion operator foreclose any possibility of agency or joint venture. But the terms of those documents are not the only relevant factors in determining the scope of the agency relationship between Defendant and the excursion operator. As to apparent agency, Plaintiff's allegations that Defendant made it appear as though it operated the excursion itself are relevant.

But Defendant's argument as to joint-venture rests on more solid ground. Plaintiff relies on the joint venture agreement itself to allege that Defendant had control over the excursion operator. But the agreement upon which Plaintiff relies belies the existence of that control. *See* D.E. 15-2. Thus, absent other evidence tending to show that the nature of the relationship was different than as described in the agreement, Plaintiff's joint venture theory fails. *See Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1355 (S.D. Fla. 2016) (dismissing joint venture claim where plaintiff relied on the existence of an agreement, but the agreement denied any control); *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12–21897–CIV, 2013 WL 1296298, at *6 (S.D.Fla. Mar. 27, 2013) (same). Accordingly, Plaintiff's joint-venture claim must be dismissed.

### IV.     Negligence Medial Care (Count V)

Defendant moves to dismiss this count because it commingles direct and vicarious theories of liability. As discussed above, this argument is well-founded. Plaintiff must replead this count or eliminate it as duplicative of Count VI.

### V.     Negligence Based on Apparent Agency of Medical Staff (Count VI)

Defendant moves to dismiss this count because Plaintiff has failed to allege the duties of the medical staff or how they breached them. Similarly, Plaintiff fails to allege that a breach caused his injuries.

The Court disagrees with Defendant's first argument but agrees with the second. Plaintiff alleges that the medical staff should have sent him to a shore-based hospital for "immediate cervical decompression" rather than waiting two days. D.E. 1 ¶ 29. Plaintiff does not, however, allege how that decision caused him injury or aggravated his existing injury. Accordingly, this count must be dismissed.

### VI.     Negligent Hiring, Retention, and Training of Medical Staff (Count VII)

Defendant moves to dismiss this count arguing that Plaintiff has pleaded no facts supporting this claim at all. The Court agrees. The complaint is devoid of any non-conclusory allegations that Defendant negligently investigated the backgrounds of its medical staff, negligently determined that they were qualified, negligently retained them despite knowledge that they were not qualified or trained the staff (negligently or otherwise). *See Gittel v. Carnival Corp.,* No. 14–cv–23234, 2015 WL 3650042, *2 (S.D. Fla. June 11, 2015).

### CONCLUSION

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 15) is GRANTED.  Counts I through VII are DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND.  If Plaintiff wishes to pursue this case, he must file an amended complaint no later than **Wednesday, March 13, 2019**.  Failure to do so will result in dismissal of the case without further notice.  It is further

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference is hereby RESET for **Friday, April 12, 2019**, at **10:30 A.M.**

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf